IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN BAKER AND KELLY PEARSON, § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> § <br> PNC BANK, NATIONAL ASSOCIATION § <br> AND SELECT PORTFOLIO SERVICING, § <br> INC., § <br> Defendants. § | | CIVIL ACTION NO. |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants PNC Bank, National Association ("PNC") and Select Portfolio Servicing, Inc. ("SPS") file this Notice of Removal pursuant to 28 U.S.C. § 1441, based upon diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

### I. INTRODUCTION

1. On February 6, 2017, Plaintiffs John Baker and Kelly Pearson filed their Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Request for Disclosures ("Original Petition"), styled Cause No. 90219-CV, *John Baker and Kelly Pearson v. PNC Bank, National Association and Select Portfolio Servicing, Inc.*, in the 412th District Court of Brazoria County, Texas.

### II. TIMELINESS OF REMOVAL

2. This removal is filed within 30 days of PNC and SPS's receipt of Plaintiffs' Original Petition and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.00.

### A. *Complete Diversity Exists.*

4. Complete diversity exists because Plaintiffs, PNC Bank, and SPS, are citizens of different states.

5. Plaintiffs are citizens of Texas who reside in Brazoria County.

6. PNC is a national banking association chartered under the laws of the United States, with its home office, as set forth in its Articles of Association, located in the State of Delaware. A national banking association is a "citizen of the State in which its main office, as set forth in its articles of association, is located,"[1] making PNC a citizen of Delaware.

7. SPS is a Utah corporation whose principal place of business is in Salt Lake City, Utah. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business, making SPS a citizen of Utah for diversity purposes.

8. Because Plaintiffs are citizens of Texas and Defendants are citizens of Delaware and Utah, complete diversity of citizenship exists between the parties and removal is proper.

### B. *The Amount in Controversy Exceeds $75,000.00.*

9. Plaintiffs' Original Petition seeks monetary damages in the maximum amount of $100,000.00.[2] Therefore, based on the value of the relief sought by Plaintiffs in their Original Petition, the amount in controversy exceeds $75,000.00.

---

[1] *Wachovia Bank v. Shmidt*, 546 U.S. 303, 306 (2006); 28 U.S.C. § 1348.
[2] *See* Original Petition at ¶ 28.

541263.1

2

10. Further, Plaintiffs seek injunctive relief. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[3]

11. When the object of a mortgagor's litigation is the protection of his entire property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[4] Here, Plaintiffs' property is valued at $500,060.00.[5] Because Plaintiffs seek injunctive relief and their property is valued well in excess of $75,000.00, the amount in controversy requirement for removal based on diversity jurisdiction is met.

## IV. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

12. Alternatively, removal is proper because this case is a civil action involving a federal question. Plaintiffs bring forth claims for violations under RESPA, which is promulgated under 12 U.S.C. 2601, *et seq.*, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over Plaintiffs' other claims because they are part of the same case or controversy as their claims for relief under RESPA.[6]

## V. ADDITIONAL REQUIREMENTS

14. Venue for this removal is proper in the U.S. District Court for the Southern District of Texas, Galveston Division, because this district and division include Brazoria County, Texas, the location of the pending state court action.

---

[3] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[4] *Id*.
[5] *See* Brazoria County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Brazoria County Appraisal because it is of public record, the information it provides is readily ascertainable, and the source—the Brazoria County Appraisal District—cannot be reasonably questioned. *See Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978 at n. 4 (S.D. Tex. Apr. 23, 2012).
[6] *See* 28 U.S.C. § 1367(a).

541263.1

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by PNC and SPS are attached hereto, marked as **Exhibit A**, and incorporated herein by reference.

16. Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Brazoria County, Texas.

17. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

18. Plaintiffs demanded a jury trial in their state court Original Petition.

19. PNC and SPS reserve the right to amend or supplement this Notice of Removal.

Having satisfied the requirements for removal, Defendants PNC Bank, National Association and Select Portfolio Servicing, Inc. give notice that Cause No. 90219-CV, originally filed in the 412th District Court of Brazoria County, Texas, has been removed to this Court.

                Respectfully submitted,

                By: */s/ R. Dwayne Danner*
                    **R. DWAYNE DANNER**
                    State Bar No. 00792443
                    McGlinchey Stafford, PLLC
                    Three Energy Square
                    6688 N. Central Expressway, Suite 400
                    Dallas, Texas 75206
                    Phone:  214-445-2445
                    Facsimile:  214-445-2450
                    ddanner@mcglinchey.com

                    **AMANDA LAVIAGE**
                    Texas Bar No. 24102067
                    **MCGLINCHEY STAFFORD, PLLC**
                    1001 McKinney Street, Suite 1500
                    Houston, Texas 77002
                    (713) 520-1900
                    (713) 520-1025 (fax)
                    alaviage@mcglinchey.com

**ATTORNEY FOR DEFENDANTS**

### CERTIFICATE AND NOTICE OF FILING

      I certify that on February 16, 2017, this Notice of Removal was sent to the District Clerk of Brazoria County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov upon the attorney of record for Plaintiffs.

                    */s/ R. Dwayne Danner*
                    **R. DWAYNE DANNER**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 16, 2017, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

Robert "Chip" C. Lane
Lane@lanelaw.com
Anh Thu N. Dinh
Anhthu.Dinh@lanelaw.com
Dominique N. Hinson
Dominique.hinson@lanelaw.com
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX  77036-3300
Tel:  713-595-8200
Fax:  713-595-8201

*Served via ECF*

                                        */s/ R. Dwayne Danner*
                                        **R. DWAYNE DANNER**